# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA HACKETT, on behalf of herself and all others similarly situated,<br><br>                                  Plaintiff,<br>vs.<br>THE PROCTOR & GAMBLE COMPANY,<br>                                  Defendant. | CASE NO. 06CV2272 WQH (POR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE |

HAYES, Judge:

      The matters before the Court are Plaintiff's motion for leave to file a Second Amended Complaint (Doc. # 18) and Plaintiff's request for judicial notice in support of the motion for leave to file a Second Amended Complaint. (Doc. # 18-4).

## BACKGROUND

      On October 10, 2006, Plaintiffs Shana Hackett, Jon Rose, and Darlene Harsh filed a class action Complaint pursuant to FED R. CIV. P. 23(a) and (b)(3) against Defendant Proctor & Gamble Company. (Doc. # 1). In the Complaint, Plaintiffs alleged Defendant "falsely promoted" Pantene Pro-V hair products as being able to "strengthen and repair damaged hair." (Doc. # 1). Plaintiffs asserted claims pursuant to California's Unfair Competition Law (UCL), California's False Advertising Law (FAL), and sections 17200 and 17500 et seq. of California's Business and Professions Code. (Doc. # 1). In addition, the Complaint asserted claims for negligent misrepresentation, intentional misrepresentation, breach of express warranty, breach of implied warranty of merchantability, and

1  breach of implied warranty of fitness for purpose, among other things.  (Doc. # 1).

2  On October 26, 2006, Plaintiffs filed a First Amended Complaint, adding Tiana Woods as a
3  class action plaintiff.  (Doc. # 3).  On November 8, 2006, Defendant filed an Answer to the First
4  Amended Complaint.  (Doc. # 4).

5  On December 14, 2007, Plaintiff Hackett filed the pending motion for leave to file a Second
6  Amended Complaint.  (Doc. # 18).  Plaintiff also filed the pending request for judicial notice.  (Doc.
7  # 18-4).  On January 8, 2008, Defendant opposed Plaintiff's motion to amend.  (Doc. # 19).  On
8  January 14, 2008, Plaintiff filed a reply in support of the motion to amend.  (Doc. # 21).

9  **LEGAL STANDARDS**

10  FED R. CIV. P. 15 (a) provides that, after a responsive pleading has been served, "a party may
11  amend [its] pleading only by leave of the court or by written consent of the adverse party . . . ."  FED
12  R. CIV. P. 15 (a).  Leave to amend "shall be freely given when justice so requires."  *Id.*  While leave
13  to amend is not granted automatically, *see Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.
14  1990), the policy of free amendment is to be applied with "extreme liberality."  *Eminence Capital,*
15  *LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003); *see also SAES Getters S.p.A. v. Aeronex, Inc.*, 219
16  F. Supp. 2d 1081, 1085 (S.D. Cal. 2002) ("courts are cautioned to apply the policy of free amendment
17  of pleadings with extreme liberality").  The decision to grant or deny leave to amend the pleadings is
18  left to the district court's discretion, *see Jackson*, 902 F.2d at 1387, however, the general rule is that
19  amendment is permitted unless the opposing party makes a showing of undue delay, bad faith, undue
20  prejudice, or futility of amendment on the part of the moving party.  *SAES Getters*, 219 F. Supp. 2d
21  at 1086 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

22  FED R. EVID. R. 201 provides that "a judicially noticed fact must be one not subject to
23  reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources
24  whose accuracy cannot reasonably be questioned."  FED R. EVID. R. 210, subd. (b) (West 2006).  "A
25  court shall take judicial notice if requested by a party and supplied with the necessary information."
26  FED R. EVID. R. 210, subd. (d) (West 2006).  A court may take judicial notice of the existence of
27  matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.
28  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001); *see also Interstate Natural Gas*

1  *Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding a court may take
2  judicial notice of records and reports of administrative bodies).

## DISCUSSION

**I. Plaintiff's Motion for Leave to Amend**

Plaintiff seeks to amend the First Amended Complaint to narrow the issues in this case and to conform the Complaint to requirements laid out in this Court's Order in *Gonzalez v. Proctor & Gamble*. Defendant contends that Plaintiff's motion to amend should be denied because (1) it will prejudice Defendant since the First Amended Complaint was filed more than one year before Plaintiff filed the currently pending motion to amend, during which time Defendant has already taken depositions and conducted discovery on at least 28 Pantene products, and (2) it allows Plaintiff's counsel an inappropriate level of control over this action. (Doc. # 19 at 1). Defendant also claims that any leave to amend should be conditioned on the former co-Plaintiffs paying deposition costs and fees. (Doc. # 19 at 1).

**A. Plaintiff's Delay in Filing the Motion to Amend and Prejudice to Defendant**

Defendant claims its efforts to depose the former co-Plaintiffs would be "nullif[ied]" by the Second Amended Complaint, and that the costs associated with those depositions would be wasted if leave to amend is granted. However, Defendant's efforts in deposing the co-Plaintiff's resulted in exactly what Defendant sought–dismissal of the co-plaintiffs–and the Court cannot conclude that the dismissal prejudices Defendant. (Doc. # 19 at 8). Further, although Defendant claims to be prejudiced by responding to discovery regarding "at least 28 different Pantene products" that were "put at issue by the allegations in the First Amended Complaint," its efforts have led to Plaintiff seeking leave to file a Second Amended Complaint which reduces the products at issue to one. (Doc. # 19 at 6).

Defendant cites authority from the Sixth Circuit that prejudice may be found where allowing leave to amend would put defendants "through the time and expense of continued litigation on a new theory, with the possibility of new discovery." *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989). However, the additional claim for fraud by omission which appears in Plaintiff's Second Amended Complaint "raises no new issues for discovery," but instead "derives from . . . facts arising out of Defendant's own responses to discovery." (Doc. # 21 at 5). In addition, since Plaintiff Hackett was

previously named in the First Amended Complaint, this is not a situation where Defendant is being introduced for the first time to a new party. (Doc. # 3 at 1). The Court finds that because Defendant has responded to discovery for "at least 28 Pantene products," narrowing the lawsuit down to just one of those products will not cause Defendant prejudice. (Doc. # 19 at 6).

While Plaintiff's motion to amend does come more than one year after the First Amended Complaint was filed, where there is a lack of prejudice, the Court will not refuse amendment solely because of delay. *See Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). Plaintiff's stated purpose in the Second Amended Complaint is to conform with the order denying class certification in *Gonzalez v. Proctor & Gamble Co.*, which Order was filed on September 12, 2007. (Doc. # 18-2 at 7). Plaintiff filed this motion within a reasonable time after the Order in *Gonzalez*, and the Court finds that there was no undue delay in filing the pending motion to amend.

The Court concludes that the motion to amend will not prejudice Defendant and was not the result of undue delay.

**B. *Gonzalez* Issue of Substituting Plaintiffs is Not Present in Proposed Second Amended Complaint**

Defendant contends that allowing Plaintiff to drop her co-Plaintiffs by filing a Second Amended Complaint would allow Plaintiff's counsel "too much control over this matter." (Doc. # 19 at 9). Defendant cites Judge Huff's order in *Gonzalez* denying leave to amend in support, where the plaintiff sought to substitute other class representatives for herself in a motion to amend. (Doc. # 19 at 8) (citing *Gonzalez*, No.3:06-cv-869-WQH-WMC (Doc. # 27)). The Order in *Gonzalez* was based on the premise that allowing a complete substitution of plaintiffs would "amount to a new lawsuit." Here, in contrast, Plaintiff is not substituting new representatives for herself, but is instead dropping her co-Plaintiffs while retaining herself as the class representative. These actions do not amount to bringing a new lawsuit, but merely narrowing down the current one.

**C. Dismissal of Co-Plaintiffs Should Not be Conditioned Upon Granting Defendant Costs**

Defendant contends that dismissing plaintiffs pursuant FED R. CIV. P. 15(a) is analogous to voluntary dismissal through FED R. CIV. P. 41(a)(2), and further contends that because FED R. CIV. P. 41(d)(1) permits payment of costs and fees, Defendant should be entitled to the costs of deposing co-Plaintiffs. (Doc. # 19 at 9-10); *see also Johnson v. Conturier*, No. 05-cv-02046-RRB-KJM, 2006 U.S.

1  Dist. LEXIS 77757, *6-8 (E.D. Cal. Oct. 13, 2006) (observing that using FED R. CIV. P. 15(a) to drop
2  a defendant was "the functional equivalent of a motion under [FED R. CIV. P. 41(a)(2)]").  However,
3  while the court has the power to award fees and costs under FED R. CIV. P. 41(d)(1), "imposition of
4  costs and fees . . . is not mandatory."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th.
5  Cir. 1996).  The Court concludes that an award of fees and costs is not warranted here because the
6  costs and fees associated with deposing co-Plaintiffs were part of the normal litigation process, and
7  Defendant has not established that co-Plaintiffs' claims were frivolous or brought in bad faith.

8  **II. Plaintiff's Request for Judicial Notice**

9  Plaintiff requests this Court to take judicial notice of all documents on file in this action and
10 in the related case, *Gonzalez v. Proctor & Gamble*.  (Doc. # 18-4 at 2).  Courts may take judicial
11 notice of their own records, and may also take judicial notice of other courts' proceedings if they
12 "directly relate to matters before the court."  *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136-37 (S.D.
13 Cal. 2006).  However, a court may not take judicial notice of findings of fact from another case, nor
14 may a court take judicial notice of any matter that is in dispute.  *See Wyatt v. Terhune*, 315 F.3d 1108,
15 1114 & n.5 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).  Because
16 Plaintiff's request is so broad as to encompass all documents in this case and in *Gonzalez*, it is unclear
17 whether the Court is being asked to take notice of adjudicative facts, or of facts and matters that are
18 still in dispute.  Accordingly, Plaintiff's request for judicial notice (Doc. # 18-4) is DENIED.

19 **CONCLUSION**

20 Plaintiff's motion for leave to amend (Doc. # 18) is GRANTED.  Plaintiff has thirty days from
21 the date this Order is stamped "filed," to file and serve the Second Amended Complaint attached to
22 the motion to amend.  (Doc. # 18-5); *see also* Local Civil Rules 4.1; 15.1.  If Plaintiff fails to file an
23 Amended Complaint within the time allowed, the Court will terminate this case without prejudice.
24 Plaintiff's request for judicial notice (Doc. # 18-4) is DENIED.

25 **IT IS SO ORDERED**.

26 DATED:  February 27, 2008

27

*[signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
28 United States District Judge