1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

SHANA HACKETT, on behalf of herself and
all others similarly situated,

12

Plaintiff,

13

vs.

14

THE PROCTER & GAMBLE COMPANY,

Defendant.

15

CASE NO. 06cv2272 WQH (WMc)

ORDER

16

Hayes, Judge:

17

The matter before the Court is the Second Amended Motion to Exclude proposed expert

18

testimony of Mort Westman filed by Defendant The Proctor and Gamble Company (#35).

19

On March 4, 2008, Plaintiff Shana Hackett, on behalf of herself and all others similarly

20

situated, filed a Second Amended Complaint for Equitable Relief and Damages against

21

Defendant The Proctor and Gamble Company alleging the following claims: violations of

22

California's Unfair Competition Law ("UCL"), section 17200 et seq. of California's Business

23

and Professions Code; violations of California's False Advertising Law ("FAL"), section

24

17500 et seq. of California's Business and Professions Code; negligent misrepresentation;

25

intentional misrepresentation; fraud by omission; breach of express warranty; breach of

26

implied warranty of merchantability; breach of implied warranty of fitness for purpose; and

27

violations of California's Consumer Legal Remedies Act ("CLRA"), section 1750 et seq. of

28

California's Civil Code.  (Doc. # 26).

Plaintiff alleges that she purchased a product known as Pantene Pro-V Daily Moisture

1   Renewal from the Defendant which is falsely promoted as able to strengthen and repair

2   damaged hair.  Plaintiff alleges that she purchased the product because she was exposed to

3   representations by Defendant that the product would strengthen her hair; that she was seeking

4   a safe method for strengthening her hair; that she relied upon these material representations as

5   a basis for her choice; and that after using the product for some time she realized that it had

6   no strengthening effect and that Defendant's claims were false.

7        Specifically, Plaintiff alleges "the packaging of the Product makes a false and

8   misleading claim regarding the effect of using the Product on hair, stating: '10X Stronger

9   Hair.'" *Id.* at 2. Plaintiff alleges that "the term 'stronger' when applied to hair has a clear and

10  unambiguous meaning that is well known and easily understood to consumers: as tensile

11  strength, i.e., resistance to stretching." *Id.*  Plaintiff alleges that the tests that Defendant relies

12  upon to support its strength claim do not measure strength and instead "only demonstrate, if

13  anything, that merely smoothing the surface of hair through lubrication may reduce friction

14  from combing or brushing." *Id.*  Plaintiff alleges that "Defendant's testing does not evaluate

15  or demonstrate that tensile strength of the hair is increased by use of the Product." *Id.*

16       On April 10, 2008, Plaintiff provided Defendant with the expert report of Mort

17  Westman pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

18                      **CONTENTIONS OF THE PARTIES**

19       Defendant moves the Court to exclude "Mr. Westman's opinion regarding consumer

20  perception." (Doc. # 37 at page 5).  Defendant contends that Westman's opinion regarding

21  consumer perception should be excluded on the grounds that 1) Westman does not have the

22  education, training or experience to give expert testimony as to consumer perception of

23  advertising or product promotion claims, 2) Westman's consumer perception opinions are

24  unsupported by any methodology, and 3) Westman's consumer perception opinions will not

25  assist the trier of fact and usurps the role of the jury.

26       Plaintiff responds that Westman was retained to provide expert testimony regarding

27  Defendant's testing methods used to support Defendant's claim that the product causes hair

28  to become stronger.  Plaintiff states that Westman's testimony at trial will be restricted to the

validity of Defendant's testing methods as a basis for Defendant's claim of stronger hair and that Westman's comments in his report and deposition testimony regarding consumer perceptions are peripheral to his findings.

In reply, Defendant asserts that Westman's entire testimony should be excluded on the grounds that tensile testing is required to support Plaintiff's claims only if consumers interpret Plaintiff's claims to stronger hair to refer to tensile strength. Without Westman's testimony that consumers interpret Defendant's claim to stronger hair as referring to tensile strength, Defendant contends that Westman's testimony regarding his testing methods do not fit the facts of this case and should be precluded.

## APPLICABLE LAW

Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The trial judge must find that expert testimony is "properly grounded, well-reasoned and not speculative before it can be admitted." Fed. R. Evid. 702, Advisory Committee Notes (2000). The proponent of expert testimony has the burden of proving the factual prerequisites necessary to the admissibility of expert testimony by a preponderance of the evidence. *See Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 592 (1993); Fed R. Evid. 702 Committee Note (2000). Upon objection, a district court must make a preliminary fact determination "concerning the qualification of a person to be a witness, [and] . . . the admissibility of the evidence." FEDERAL CIVIL TRIALS & EVIDENCE § 8:1627 (quoting Fed. R. Evid. 104(a)).

## CONCLUSION

Westman has an educational background in chemistry and professional experience in research and development of hair dyes. Westman was retained by Plaintiff to provide expert testimony regarding Defendant's testing methods used to support Defendant's claims that the

1   product causes hair to become stronger.  Westman has offered opinion testimony involving

2   issues of consumer perceptions and market research in his report and his deposition.  The Court

3   concludes that Westman is not qualified to offer any expert opinions involving issues of

4   consumer perceptions and market research.

5         Defendant's additional objection stated in its reply to the testing methods portion of

6   Westman's report and proposed testimony is a relevance objection.  While the Court is able

7   to determine at this time that Westman is not qualified to offer expert testimony regarding

8   consumer perception and market research, it is too early in the case to preclude all testimony

9   regarding his testing methods testimony on relevance grounds.

10         IT IS HEREBY ORDERED that the Defendant's Second Amended Motion to exclude

11   proposed expert testimony of Mort Westman regarding consumer perception and market

12   research (#35) is granted.  IT IS FURTHER ORDERED that Plaintiff shall provide an

13   amended expert report under Rule 26 (a)(2)(B) which reflects this Court's ruling that Westman

14   is not qualified to offer any opinions regarding consumer perception and market research and

15   is a "complete statement of all opinions the witness will express."

16   DATED:  October 17, 2008

17

18   **WILLIAM Q. HAYES**
United States District Judge

19

20

21

22

23

24

25

26

27

28